UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDUARDO POPULUS-REVUELTA,<br><br>Petitioner,<br><br>v.<br><br>BRUCE SCOTT, et al.,<br><br>Respondents. | CASE NO. C26-1915JLR<br><br>ORDER |

## I.   INTRODUCTION

Before the court is Petitioner Eduardo Populus-Revuelta's second petition for a writ of habeas corpus under 28 U.S.C. § 2241.  (Pet. (Dkt. # 1); Traverse (Dkt. # 9).)  The Government[1] opposes the petition.  (Return (Dkt. # 5).)  The court has considered the

---

[1] The Federal Respondent is Secretary of the United States Department of Homeland Security Mark Wayne Mullin (referenced herein as the "Government").  (Pet. at 1.)

ORDER - 1

petition, the relevant portions of the record, and the applicable law.  Being fully advised, the court DENIES the petition.

## II.   BACKGROUND

On February 23, 2026, Petitioner filed his first petition for a writ of habeas corpus under 28 U.S.C. § 2241.  *See Populus-Revuelta v. Scott*, No. C26-0636-RAJ, 2026 WL 1067317, at *1 (W.D. Wash. Apr. 20, 2026).  The court incorporates by reference the factual and procedural background provided in the Honorable Richard A. Jones's April 20, 2026 Order granting in part and denying in part Petitioner's first petition.  *Id.* at *1-*2.  In his April 20, 2026 Order, Judge Jones directed the Government to provide Petitioner with an individualized bond hearing complying with *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), within 14 calendar days.  *Id.* at *7.

At Petitioner's bond hearing on April 27, 2026, an immigration judge found that the Government had proven by clear and convincing evidence that Petitioner would be a danger to the community and a flight risk if released.  *See Populus-Revuelta v. Scott*, No. C26-0636-RAJ, 2026 WL 1067317, ECF No. 9; *see also* Lambert Decl. (Dkt. # 7) ¶ 5, Ex. G (Bond Order).  On June 2, 2026, Petitioner filed the instant petition with this court challenging the sufficiency of that bond hearing and requesting his immediate release. (*See generally* Pet.)  The petition is now fully briefed and ripe for the court's consideration.

ORDER - 2

### III.   ANALYSIS

Habeas petitioners must provide by a preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." 8 U.S.C. § 2241(c); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

**A.   The Court has Jurisdiction to Review the Bond Denial.**

While the court generally lacks jurisdiction to review discretionary bond decisions, *see* 8 U.S.C. § 1226(e), it retains jurisdiction to "review an [immigration judge's] discretionary bond denial where that bond denial is challenged as legally erroneous or unconstitutional." *Soriano v. Hernandez*, No. C26-0900-DGE, 2026 WL 969764, at *3 (W.D. Wash. Apr. 10, 2026) (internal quotation marks and citation omitted).  In this context, mixed questions of law and fact—even if primarily factual—are treated as questions of law. *Martinez v. Clark*, 124 F.4th 775, 782 (9th Cir. 2024).

Here, Petitioner challenges the Immigration Judge's ("IJ") flight risk finding as "arbitrary, conclusory, reflective of an abuse of discretion, and devoid of any reasoned or individualized analysis and unsupported by the record."  (Pet. at 1-2 (emphasis omitted).)  As such, Petitioner asserts that his bond hearing "did not provide meaningful process and it failed to correct the constitutional violations" identified by the court. *Id*. at 2.  Because Petitioner challenges "'whether the IJ provided him with a bond hearing that comports with the constitutional due process protections to which he is entitled[,]'" the court concludes that it has subject matter jurisdiction to consider his claim. *Soriano*, 2026 WL 969764, at *3 (quoting *W.T.M. v. Bondi*, No. C25-2428-RAJ-BAT, 2026 WL 262583, at *1 (W.D. Wash. Jan. 30, 2026)).

ORDER - 3

**B.      The Bond Hearing Did Not Violate Due Process.**

Petitioner asserts that (1) "the bond hearing failed to comply with the procedural requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and therefore did not cure the constitutional violations identified by the [court][;]" (2) immediate release is the sole available remedy; and (3) the IJ's bond decision was arbitrary and an abuse of discretion.  (*See generally* Pet.)  In response, the Government asserts, in pertinent part, that Petitioner has failed to identify any valid constitutional or legal error that would entitle him to release.  (Return at 8-12.)  The court agrees with the Government.

Under *Matter of Guerra*, the BIA established a multi-factored nexus to guide an IJ's custody determination:

> (1) whether the [noncitizen] has a fixed address in the United States; (2) the [noncitizen's] length of residence in the United States; (3) the [noncitizen's] family ties in the United States, and whether they may entitle the [noncitizen] to reside permanently in the United States in the future; (4) the [noncitizen's] employment history; (5) the [noncitizen's] record of appearance in court; (6) the [noncitizen's] criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the [noncitizen's] history of immigration violations; (8) any attempts by the [noncitizen] to flee prosecution or otherwise escape from authorities; and (9) the [noncitizen's] manner of entry to the United States.

*In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006) (citations omitted); *see also Matter of R-A-V-P-*, 27 I. & N. Dec. 803, 805 (BIA 2020) (same).

In the context of habeas review, *Singh v. Holder* governs three key procedural elements: (1) the Government, rather than the noncitizen, bears the burden of proof at the bond hearing; (2) the Government must meet its burden by clear and convincing evidence

ORDER - 4

to establish that future dangerousness or flight risk is highly probable; and (3) the Government must meet a high threshold of individualized evidence to prove that risk. 638 F.3d 1196, 1203-09 (9th Cir. 2011). *Singh*, however, does not support the proposition that due process requires a detailed decision. *See generally id*. Rather, the Ninth Circuit has held "that due process requires a contemporaneous record of [the bond] hearing[,]" and is satisfied where the record allows the reviewing court to discern the IJ's rationale and determine whether the high burden of proof was properly applied. *Id*. at 1208.

A habeas court reviews an IJ's custody determination for abuse of discretion. *See Martinez*, 124 F.4th at 779, 784-85; *see also Anyanwu v. Bondi*, No. C25-0995-JLR-MLP, 2025 WL 3466910, at *4 (W.D. Wash. Oct. 6, 2025), *report and recommendation adopted*, 2025 WL 3187485 (W.D. Wash. Nov. 14, 2025). Under this standard, the court looks to whether the IJ applied the correct legal standard and whether the decision was illogical, implausible, or without support in inferences that the court may draw from the facts in the record. *See Martinez*, 124 F.4th at 784-85. While the court may not independently reweigh the evidence, an IJ abuses their discretion if they completely fail to consider or explain key evidence, rendering the decision arbitrary. *See id.* at 785.

Here, the Government has provided Petitioner with a contemporaneous record showing that the IJ considered Petitioner's immigration arrest, criminal record, sponsorship information, pending BIA appeal, and Judge Jones's April 20, 2026 Order in rendering the bond decision. (*See generally* Lambert Decl.¶ 4, Ex. F (Bond Hearing Transcript).) Because the IJ extensively considered Petitioner's criminal history during

ORDER - 5

the proceedings, the court cannot conclude that the IJ's decision was illogical, implausible, or without support in inferences that may be drawn from the record. *See Martinez*, 124 F.4th at 784-85. Accordingly, the court agrees with the Government that the IJ provided a bond hearing that gave him a meaningful opportunity to be heard, applied the correct burden of proof, and did not abuse his discretion in denying bond. (Return at 9 (citing 8 C.F.R. §§ 1003.19(d),(f))). Thus, Petitioner has not shown by a preponderance of the evidence that he is in custody in violation of the laws of the United States and the IJ's bond decision must stand.

## IV.   CONCLUSION

For the foregoing reasons, the court DENIES the petition for a writ of habeas corpus (Dkt. # 1) without prejudice to refiling as warranted.

Dated this 29th day of July, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 6